Winston WILLIAMS, Plaintiff,

v.

Eric K. SHINSEKI, Secretary of the Department of Veteran's Affairs, Defendant.

Civil Action No. 10-070 (CKK/AK)

United States District Court, District of Columbia.

Signed June 4, 2012

---

Winston D. Williams, Bowie, MD, pro se.

Rocquelle Angelique Jeri, Law Offices of Rocquelle A. Jeri, Bowie, MD, for Plaintiff.

1. Plaintiff's Motion [57] corrects typographical errors in his Motion [54]. These motions were consolidated by the trial court. (April 5, 2012 Memorandum Order [58–1].)

2. On April 24, 2012, Plaintiff, who is *pro se*, filed a motion to clarify [64] indicating that he had not received a copy of Defendant's Mo-

Rhonda Lisa Campbell, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM ORDER

ALAN KAY, UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Order Defendant's Records Which Defendant Objected to Submitting ("First Motion") [52], Plaintiff's Motion to Order Defendant's Records Which Defendant Objected to Submitting [54/57] ("Second Motion")[1], Defendant's Opposition to the First Motion ("First Opposition") [59] and Defendant's Motion for a Protective Order ("MPO") [60] and Opposition to Second Motion [61] ("Second Opposition"). On April 16, 2012, the trial court referred resolution of Plaintiff's First and Second Motions and Defendant's Motion for Protective Order to the undersigned. *See* Order of Referral [62].[2]

### I. Plaintiff's First Motion

Plaintiff's underlying complaint alleges a claim for employment discrimination including non-selection for an Electrical Engineer, GS-14 position for which he applied. Plaintiff previously filed a motion to compel [36] that was granted in part and denied in part by this Court in a Memorandum Order [50] dated March 13, 2012, after this Court held a hearing on that motion.

Plaintiff's First Motion requests that the Court order Defendant to provide: 1) contact information for "DEU personals who evaluated and recommended [Dat] Tran as one of [the] best qualified." 2) complete

tion for Protective Order [60]. That motion to clarify [64] was referred to the undersigned for resolution. *See* Order [65]. By Memorandum Order [72] dated May 11, 2012, this Court allowed Plaintiff until May 22, 2012 to respond to the Defendant's Motion for Protective Order. Plaintiff has not filed any response thereto.

contact information for two named individuals who may be subpoenaed for trial and 3) "Documents/Discoveries identified by Exhibit 2."(First Motion at 3.)[3]

### A. DEU Information

■ Plaintiff requests contact information for Delegated Examining Unit [DEU] "personals" who evaluated and recommended Mr. Tran, the selectee for the Electrical Engineer position Plaintiff sought. (First Motion at 3.) Plaintiff previously requested that the Defendant provide "full contact information of these DEU personals[.]" ( Response to Defendant's. Objections [45] at 3-4.)[4] Retracing the history of discovery in this case, the Court is unable to ascertain whether such contact information (limited to name, job title at Department of Veterans Affairs, business address/business telephone number) for any DEU personnel who evaluated and recommended Mr. Tran has already been provided to Plaintiff.[5] In the unlikely circumstance that such information has not been provided, Defendant is ordered to provide it.

### B. Contact Information for Two Individuals

■ The trial court held a status hearing on March 22, 2012, the day after the Plaintiff filed his First Motion. According to the Defendant, the trial court ordered Defendant "to respond to only one of

Plaintiff's demands for production" by providing contact information for two of Defendant's employees if they were still employed by Defendant or alternately, if they were no longer employed and information would not be disclosed, Defendant was directed to provide an explanation for such non-disclosure.[6] (First Opposition [59] at 5.)

In response to the trial court's order, the Defendant indicates that these two [former] employees no longer work at Veterans Affairs and they have retired from federal service. Defendant further asserts that "[t]he Privacy Act bars agencies from 'disclos[ing] any record ... by any means of communication to any person... except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains,' unless one of twelve enumerated exceptions is applicable." (First Opposition [59] at 6, citing 5 U.S.C. § 552a(b).) Defendant explains that "the individual employees have not provided written consent to disclose their home telephone numbers or addresses to Plaintiff, and Defendant is not mandated, under the Privacy Act, to disclose this information to Plaintiff." (First Opposition at 7.)[7]

This Court finds that Defendant has adequately responded to Plaintiff's First Motion regarding contact information for the two individuals insofar as these individuals

---

**3.** As a preliminary matter, the Court notes that Defendant's First and Second Motions are a hybrid between a motion to compel, a motion to reopen discovery and argument in support of Plaintiff's case. The trial court noted that both motions [52] and [54/57] may be construed as seeking "an order compelling disclosure or discovery." (Order of Referral [62] at 1 n.1.)

**4.** The Court interprets this as a request for contact information for "DEU **person[nel]**" who evaluated and recommended Tran as one of the best qualified.

**5.** Plaintiff is obviously aware of the identities of persons who comprised the 3-member selecting panel for the Electrical Engineer position he sought because this information was discussed during the March 5, 2012 hearing on Plaintiff's Motion to Compel.

**6.** Plaintiff's First Motion mentions two individuals named "Kurt Knight" and "Robert Clantz."

**7.** Defendant further notes that the two prior employees were "not even remotely involved in [the] selection process at issue." (First Opposition at 7.)

are no longer employed by Veterans Affairs and they have not consented to disclosure of their home addresses or telephone numbers. Accordingly, that portion of Plaintiff's First Motion should be denied.

### C. Request for Documents and other Discovery

■ The remaining portion of Plaintiff's First Motion requests: "1. Documents/Discoveries identified by Exhibit 2." (First Motion [52] at 3.) Plaintiff's Exhibit 2 contains argument in support of his case and reiterates his position that Defendant's objections to discovery should not be upheld. This Court notes that the deadline for filing discovery-related motions was November 30, 2011. (April 16, 2012 Order of Referral [62]; *see* Scheduling and Procedures Order [34].) Plaintiff's First Motion may thus be denied on grounds that it is untimely. Plaintiff's First Motion may also be denied on grounds that it is duplicative insofar as Plaintiff argues the same points presented in his prior Motion to Compel [36], and his First Motion is moot insofar as this Court already ruled on that Motion to Compel [36] after holding a hearing on March 5, 2012. (March 13, 2012 Memorandum Order [50].)

At the March 5, 2012 hearing, Plaintiff was permitted the opportunity to present his argument regarding any alleged outstanding discovery.[8] Subsequent to that hearing, this Court upheld Defendant's objections to discovery requests with one minor exception. *See* Memorandum Order [50] (directing Defendant to provide "information regarding complaints against Mr. Gupta (which did or did not lead to a reprimand or demotion) relating to his actions in connection with the selection process for the Electrical Engineer position.")[9] Accordingly, Plaintiff's request in his First Motion for additional documents and discovery should be denied on grounds that such request is untimely, duplicative and moot.

### II. Plaintiff's Second Motion

■ Plaintiff's Second Motion [54/57] focuses on Mr. Gupta's reputation and his representations with regard to the 21 point selection criteria.[10] Plaintiff argues that Robert Neary ("Neary") must have known that Mr. Gupta was demoted or disciplined by the Agency between 1988-1990. (Second Motion [54/57].)[11] Defendant argues that the information requested by Plaintiff "dates back more than 20 years" and further it is "not relevant to the <u>core</u> issue in this case" which is the selection of Dat Tran by the 3-member selecting panel. (Second Opposition [61] at 9.) Issues relating to Mr. Gupta's reputation (and his representations about the 21 point selection criteria) were already argued by Plaintiff during the March 5, 2012 hearing and addressed by this Court in its Memorandum Order [36]. On March 20, 2012, Defendant supplemented its discovery to Plaintiff, pursuant to that Order [36], by affirming that "there have been no complaints against Mr. Gupta (which did or did

---

**8.** Plaintiff's argument focuses on the "21 Point Selection Criteria" which was discussed in detail at the March 5, 2012 hearing.

**9.** On March 20, 2012, Defendant informed Plaintiff that there were no such complaints against Mr. Gupta. (Second Opposition [61] at 5.)

**10.** Mr. Gupta was a member of the selecting panel.

**11.** Robert Neary's Declaration is attached to Plaintiff's Second Motion [54]. Neary was Mr. Gupta's first-line supervisor from April 16, 2006 to date. (Declaration ¶ 3.) Neary declares that there were "no complaints against Mr. Gupta (which did or did not lead to a reprimand or demotion) relating to his actions in connection with the selection process for the Electrical Engineer position other than the one involving the Plaintiff." (Declaration ¶ 5.)

not lead to a reprimand or demotion) relating to his actions in connection with the selection process for the Electrical Engineering position." (Second Opposition [61] at 5-6.) Accordingly, because Plaintiff's Second Motion is untimely, duplicative and moot, it should be denied.

### III. Defendant's Motion for Protective Order

 Defendant moves for a protective order pursuant to Fed. R. Civ. P. 26(c), whereby protective orders may be issued for good cause shown and to prevent annoyance, embarrassment oppression, undue burden, or expense. "To show good cause for entry of a protective order, 'the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements[.]' " *Friends of the Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 41 (D.D.C.2006) (quoting *Low v. Whitman*, 207 F.R.D. 9, 10–11 (D.D.C.2002)). In this case, Defendant moves for a protective order because "Plaintiff continues to restyle motions (Dk. Entry Nos. 52, 54, 57) all of which are requests for the Court to reopen discovery, which is inappropriate at this stage of the proceedings[.]" (MPO [60] at 8.)

 Defendant asserts that discovery closed on January 13, 2012 and the Court already gave Plaintiff the opportunity for oral argument regarding discovery disputes at the March 5, 2012 hearing. (*Id.*) Defendant further argues that "Plaintiff seeks to obtain [ ] 20 year-old information from Defendant, and even if the information existed, and Defendant retained the allegedly existing information, the allegedly existing information provides or adds absolutely nothing germane to the selection process at issue in this case." (*Id.*) For purposes of the federal procedural rule authorizing discovery of non-privileged matter relevant to a claim or defense, relevancy does not encompass discovery of information with "no conceivable bearing on the case." *See TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F.Supp.2d 90 (D.D.C.2010) (quoting *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C.Cir.1984) (citation omitted)).

The Court must limit discovery: 1) if the discovery sought is unreasonably cumulative or duplicative or may be obtained from a less burdensome, more convenient source; or 2) the party seeking discovery had ample opportunity to obtain it earlier; or 3) the burden or expense of discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(2)(c). Defendant accordingly requests the Court to grant the motion for Protective Order "barring the parties from filing any further discovery requests without an Order from the Court." (MPO [60] at 8.)

In the Order of Referral [62], the trial court noted that the deadline for filing discovery-related motions had passed. The trial court further warned Plaintiff that "the further filing of discovery-related motions may, absent good cause and under the appropriate circumstances, result in the imposition of sanctions against him." (Order of Referral [62].) In light of the trial court's warning to Plaintiff and this Court's finding that Plaintiff's First and Second Motions are merely an untimely reiteration of what Plaintiff has previously argued on paper and in person, the Court finds that Defendant's Motion for Protective Order is justified. Accordingly, it is this 4th day of June, 2012,

ORDERED that the Plaintiff's Motion to Order Defendant's Records which Defendant Objected to Submitting [52] is Granted in part (to the extent that contact information for DEU personnel has not already been provided) and Denied in part, and it is further

ORDERED that the Plaintiff's Motion to Order Defendant's Records which De-

fendant Objected to Submitting [54/57] is Denied, and it is further

ORDERED that the Defendant's Motion for a Protective Order [60] is Granted. Plaintiff shall refrain from filing any discovery-related motions without prior permission from this Court.